United States District Court
Southern District of Texas
**ENTERED**
March 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASYN ALEXANDER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00025 |
| | § | |
| BOBBY LUMPKIN-DIRECTOR TDCJ-CID, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jasyn Alexander is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Alexander filed an original habeas corpus petition under 28 U.S.C. § 2254 on January 27, 2022. Alexander contends that the Texas Board of Pardons and Paroles ("Parole Board") should have granted him parole on his first sentence when he became eligible, which would have caused his second sentence to commence. (D.E. 1 at 6-7). For the reasons discussed further below, it is recommended that Alexander's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is plain from the petition and attached exhibits that Alexander is not entitled to relief.

## I.    DISCUSSION

In his petition, Alexander contends that the Parole Board is not properly calculating his sentence because he should have been granted parole on the first of his consecutive

sentences when he became eligible, which would have allowed his second sentence to commence.  (D.E. 1 at 6-7).  Accordingly, he contends that the Parole Board is violating his due process rights.  (*Id.*).

An inmate in state custody may file a § 2254 petition only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. 2254(a).

States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence.  *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  Statutes or regulations that provide that a parole board "may" release an inmate on parole do not give rise to a protected liberty interest.  *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987).  The Fifth Circuit has held that there is no constitutional expectation of parole in Texas.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  The Texas parole statutes do not confer a liberty interest protected by due process.  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  Because there is no liberty interest in obtaining parole, Texas inmates "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.*

Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence."  Tex. Gov't Code § 508.150(b)(2).  However, Texas courts have interpreted this language to mean that the sentence ceases to operate when the inmate

2

actually makes parole, not merely when he becomes eligible. *Byrd v. State*, 499 S.W. 3d 443, 447-48 (Tex. Crim. App. 2016).

Here, Alexander's claim that he should be granted parole is not cognizable in a § 2254 petition. Alexander's specific claim is that the Parole Board should have granted him parole on his first sentence when he became eligible, which would have allowed his second sentence to begin. (D.E. 1 at 6-7). Alexander is correct that, if the Parole Board granted him parole on his first sentence, his second sentence would begin to run, but the Parole Board is not required to grant parole on a first sentence when a prisoner becomes eligible. *See* Tex. Gov't Code § 508.150(b)(2); *Byrd*, 499 S.W. 3d at 447-48. Further, Alexander does not have a liberty interest protected by due process under the Texas parole statutes, and there is no constitutional expectation of parole in Texas. *Madison*, 104 F.3d at 768; *Orellana*, 65 F.3d at 32. Thus, Alexander has no constitutional right to be granted parole before the expiration of his sentence. *Greenholtz*, 442 U.S. at 7. This does not change merely because he has consecutive sentences.

## II.   RECOMMENDATION

Accordingly, it is recommended that Alexander's § 2254 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits that Alexander is not entitled to relief.

Respectfully submitted on March 29, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).